UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVELOPMENT SPECIALISTS, INC.,<br>in its capacity as Plan Administrator for<br>Coudert Brothers LLP,<br><br>                Plaintiff,<br>v.<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP,<br>ARENT FOX LLP,<br>DORSEY & WHITNEY LLP,<br>DUANE MORRIS LLP,<br>JONES DAY,<br>SCOTT JONES,<br>GEOFFROY DE FOESTRAETS,<br>JINGZHOU TAO,<br>K&L GATES LLP,<br>MORRISON & FOERSTER LLP,<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP,<br>DLA PIPER (US) LLP, and<br>DECHERT LLP,<br><br>                Defendants. | No. 11-cv-05994 (CM)<br>No. 11-cv-05973 (CM)<br>No. 11-cv-05995 (CM)<br>No. 11-cv-05969 (CM)<br>No. 11-cv-05974 (CM)<br>No. 11-cv-05972 (CM)<br>No. 11-cv-05968 (CM)<br>No. 11-cv-05970 (CM)<br>No. 11-cv-05993 (CM)<br>No. 11-cv-05985 (CM)<br>No. 11-cv-05971 (CM)<br>No. 11-cv-05983 (CM)<br>No. 11-cv-05984 (CM) |

**MEMORANDUM OF LAW IN SUPPORT OF LAW FIRM DEFENDANTS'
MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Dated: New York, New York
       June 6, 2012

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

A. The Decision Involves Controlling Questions of Law ........ 3

B. There Are Substantial Grounds for Difference of Opinion as to the Controlling Questions of Law ........ 4

C. An Immediate Appeal Will Materially Advance the Ultimate Termination of the Actions ........ 6

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Chrysler Financial Corp. v. Powe*,
  312 F.3d 1241, 1246 (11th Cir. 2002) ............................................................................... 3

*City of New York v. Beretta U.S.A. Corp.*,
  524 F.3d 384 (2d Cir. 2008) .............................................................................................. 6

*In re Enron*,
  2006 U.S. Dist. LEXIS 63223 (S.D.N.Y. Sept. 5, 2006) ............................................... 3, 6

*In re Flor*,
  79 F.3d 281 (2d Cir. 1996) ................................................................................................ 3

*In re Fosamax Products Liability Litigation*,
  2011 U.S. Dist. LEXIS 72123 (S.D.N.Y. June 29, 2011) ................................................. 4

*In re Prudential Lines, Inc.*,
  1995 U.S. Dist. LEXIS 2056 (S.D.N.Y. Feb. 22, 1995) .................................................... 4

*Klinghoffer v. S.N.C. Achille Lauro ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*,
  921 F.2d 21 (2d Cir. 1990) ....................................................................................... 3, 4, 6

*Santalucia v. Sebright Trans., Inc.*,
  232 F.3d 293 (2d Cir. 2000) .............................................................................................. 6

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................... *passim*

Defendants Akin Gump Strauss Hauer & Feld LLP, Arent Fox LLP, Dorsey & Whitney LLP, Duane Morris LLP, Jones Day, K&L Gates LLP, Morrison & Foerster LLP, Sheppard Mullin Richter & Hampton LLP, DLA Piper (US) LLP and Dechert LLP (collectively, the "Law Firms") respectfully submit this memorandum in support of their motion, pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"), for certification of the Court's Decision and Order (the "Decision"), dated May 24, 2012, which denied in part the Law Firms' motions for summary judgment and granted plaintiff Development Specialists, Inc.'s ("DSI") cross-motions for summary judgment, for interlocutory appeal.

## **PRELIMINARY STATEMENT**

A District Court may certify an order for interlocutory appeal if it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In the Decision, the Court already found that there is a substantial ground for difference of opinion, due to the "complexity and difficulty of the issues involved in this case." Decision, at 54. Thus, the Court has indicated that the second requirement of Section 1292(b) is satisfied. The Court instructed the Law Firms to address "why the current, and very different, posture of the case as it stands before me should lead me to analyze the *remaining* statutory elements differently" (*id.*) (emphasis added), than Judge Marrero did in March 2011. *See In re Coudert Law Firm Adversary Proceedings,* 447 B.R. 706, 711 (S.D.N.Y. Mar. 21, 2011) (Marrero, J.) (the "Marrero Decision").

The posture of these cases is indeed very different than it was when Judge Marrero considered whether to review the Bankruptcy Court's order denying the Law Firms' motions to dismiss pursuant to 28 U.S.C. § 158(a)(3). These cases are now at the forefront of

1

what could be numerous actions in this Court that will raise the same difficult questions of law. The bankruptcy of Thelen LLP ("Thelen") has resulted in many unfinished business actions, including two pending before Judge Pauley in which the law firm defendants have moved to dismiss, raising many of the same legal questions addressed in the Decision.  *See Geron v. Robinson & Cole, LLP*, No. 11 Civ. 8967 (S.D.N.Y.) (arguing, *inter alia*, that the unfinished business "doctrine" is no longer good law in California); and *Geron v. Seyfarth Shaw*, No. 12 Civ. 1364 (S.D.N.Y.) (arguing, *inter alia*, that New York law applies and the claims are not cognizable under New York law).  In addition, the Thelen trustee has tolling agreements with more than thirty additional law firms.  *See* Exhibit A hereto.  The bankruptcy of Dewey & Leboeuf ("Dewey"), filed in May 2012, could result in many more actions.  On June 4, 2012, *The Wall Street Journal* reported that the Dewey estate is considering unfinished business claims.  *See* Exhibit B hereto.  Thus, interlocutory appellate review of the Decision would clarify the law and materially advance, if not resolve entirely, all of these actions and threatened actions.

    The posture is also different because, in their respective summary judgment motions before this Court, the parties more fully developed the issues of law than at the time of the Marrero Decision.  The resulting Decision is ripe for interlocutory appellate review.  It details not only the grounds for the Court's rulings, but also the areas of difficulty and uncertainty in the law.  In addition, the parties and the Court face difficulties going forward in these actions.  Myriad open questions remain to be resolved, including how to apply the Decision to formulate the scope of discovery and measure of damages.  *See, e.g.*, Decision at 51-52. Interlocutory appellate review is appropriate where the Court and the parties face unusually burdensome hurdles in going forward, which would be obviated by reversal.

**ARGUMENT**

The Decision meets the criteria of Section 1292(b) and presents precisely the type of extraordinary circumstances that warrants immediate appellate review.

A. **The Decision Involves Controlling Questions of Law**

Judge Marrero found that there was no controlling issue of law because "at least four of the Adversary Proceedings involve causes of action . . . which are distinct from the unfinished business claims," and therefore would not be completely resolved by reversal of the Bankruptcy Court's order denying the Law Firms' motions to dismiss. Marrero Decision, at 9.[1]

By implication, Judge Marrero found that the majority of these actions would be completely resolved by reversal, rendering the questions of law controlling. In addition, the posture has changed and now two of the other actions to which Judge Marrero referred would be resolved in their entirety by reversal.[2] Moreover, it is clear that Section 1292(b) does not require that reversal on a question of law terminate an action in order for the question to be "controlling." *See Klinghoffer v. S.N.C. Achille Lauro ed Altri-Gestione Motonave Achille*

---

[1] Judge Marrero's analysis of the Section 1292(b) criteria reflects the procedural posture before the Court at the time: a motion pursuant to Section 158(a)(3) for District Court review of a Bankruptcy Court's denial of a motion to dismiss. It is well-established that District Courts consider the Section 1292(b) factors in addressing Section 158(a)(3) motions, but they are not required to do so, as Section 158(a)(3) allows a District Court to review Bankruptcy Court orders merely by giving "leave." *See In re Flor*, 79 F.3d 281 (2d Cir. 1996) (district courts have jurisdiction to review non-final orders of bankruptcy courts simply "with leave"); *Chrysler Financial Corp. v. Powe*, 312 F.3d 1241, 1246 (11th Cir. 2002) ("the § 1292(b) requirements need not be satisfied when an interlocutory appeal is taken from the bankruptcy court to the district court").

[2] Judge Marrero's reference to four actions included the three actions against Jones Day, in which an individual former Coudert partner was also named, so that dismissal of the claims against Jones Day would not resolve the entire action. However, DSI has agreed to dismiss its claims against one of those partners, Scott Jones, who left Coudert in 2003, long before Coudert's dissolution. In addition, DSI has apparently never served a second partner, Jingzhou Tao, who lives in Beijing.

3

*Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990).  Rather, a question is controlling if "determination of the issue on appeal would materially affect the litigation's outcome," *In re Enron*, 2006 U.S. Dist. LEXIS 63223, at *18 (S.D.N.Y. Sept. 5, 2006), or "if its resolution will 'contribute to the termination, at an early stage, of a wide spectrum of cases.'"  *In re Fosamax Products Liability Litigation*, 2011 U.S. Dist. LEXIS 72123, at *11 (S.D.N.Y. June 29, 2011).

The Decision granted DSI summary judgment and denied the Law Firms summary judgment as a matter of law.  Reversal would resolve the unfinished business claims, terminating at least twelve of the actions in their entirety.  Moreover, whether the outcome of the appeal, appellate review could contribute to earlier termination not only of these actions, but also to a "wide spectrum" of actions arising out of the Thelen and Dewey bankruptcies, including by preventing or narrowing future motion practice relating to these questions.

For all these reasons, the questions of law are patently "controlling."

**B.     There Are Substantial Grounds for Difference of
        Opinion as to the Controlling Questions of Law**

There are substantial grounds for a difference of opinion where "the issues are difficult and of first impression."  *Klinghoffer*, 921 F.2d at 25.  There can also be substantial grounds where there is a "relative lack of authority on the precise question."  *In re Prudential Lines, Inc.*, 1995 U.S. Dist. LEXIS 2056, at * (S.D.N.Y. Feb. 22, 1995).

As previously noted, the Decision already acknowledges that there are substantial grounds for difference of opinion.  The Court expressed its disagreement with the Marrero Decision on this point and found the questions of law to be complex and difficult.  Decision, at 54.  Accordingly, this memorandum will not address the Marrero Decision on this point, nor revisit the full complexity of the questions of law herein.

Notably, however, there are even greater complexities raised by the Decision itself. The Court disagreed with the New York decisions on the grounds that New York must follow the rationale developed in California and other jurisdictions based on the "no compensation rule." Decision, at 48-51. Under this rationale, all client matters pending on dissolution are permanently and indelibly treated as the "business" of the dissolved firm. At any time prior to dissolution, a client can terminate its retention of the firm on a particular matter and retain a new law firm; the unfinished matter is no longer the prior firm's "business" and instead becomes the business of the new firm. This is true even if the change in firms is due to a partner moving to the new firm and continuing to perform services on the matter as a partner of the new firm. If the client's retention of the new firm occurs after dissolution, however, the former partner's services on the matter at the new firm are merely seen as "winding up" the "business" of the dissolved firm, to which the partner is entitled to "no compensation." As the Court recognized, New York has never applied this rationale nor reached this result. Nonetheless, the Court believed that were the New York Court of Appeals to consider the issue, it would conform New York law to the decisions in other Uniform Partnership Act jurisdictions (which are by no means a majority of states). Decision, at 51.

The additional complexity arises from the fact that California and a majority of other states (although not yet New York) have adopted the Revised Uniform Partnership Act, which eliminated the "no compensation rule" and entitles *any* partner to reasonable compensation for "winding up" the partnership. The term "surviving" partner, which many decisions (but not all) interpreted as referring only to a remaining partner following the death of another partner, was removed. Indeed, one of the law firms sued by the Thelen estate has moved to dismiss under California law, on the grounds that California itself would no longer recognize

5

the "no compensation rule" rationale. *See Geron v. Robinson & Cole*, No. 11-08967, Docket No. 14, at 6-16 (S.D.N.Y.).

The complexity and difficulty of these issues, which involve not only partnership and property law, but also the law and policy governing law firms and the attorney-client relationship, merit interlocutory appellate review.[3]

### C. An Immediate Appeal Will Materially Advance the Ultimate Termination of the Actions

As the Court recognized, the Court and the parties face the difficult and likely expensive and time-consuming task of answering the "thorny" open questions that must be resolved to advance these actions. Decision, at 52. These questions will be disputed and require motion practice, which would be obviated, or at a minimum clarified or limited, by an immediate appeal.[4]

One core difficulty going forward is the concept of applying economic concepts in contingency-fee cases to formulate a measure of damages in hourly-rate cases. Decision, at 51-52. These difficulties arise in part because the Court is "constrained" to follow *Santalucia v. Sebright Trans., Inc.*, 232 F.3d 293 (2d Cir. 2000), even though the Court expressed its doubt that the New York Court of Appeals would confirm the decisions of the lower New York courts on which *Santalucia* is based. Decision, at 51. Thus, the issues to be resolved going forward with respect to discovery and damages depend in turn on the difficult questions of law in the

---

[3] The appeal will not be limited to the issues of law on the unfinished business claims. *See*, *e.g.*, *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 391-392 (2d Cir. 2008). Thus the appeal will also include, *inter alia*, the Court's ruling that the Law Firms can be held liable on an "accounting" claim even though they had no fiduciary or other relationship with Coudert.

[4] The Marrero Decision did not substantively address whether interlocutory review could materially advance the actions, except to refer to his finding that not all of the actions would be completely resolved by reversal. Marrero Decision, at 9. As noted above, the posture at the time was a Section 158(a)(3) motion, not a Section 1292(b) motion.

6

Decision, and obtaining much-needed certainty as to these questions would aid resolution of these actions whether or not the Decision is reversed.  *See Klinghoffer*, 921 F.2d at 25 (granting interlocutory appeal where resolution of the issue would "greatly assist the ultimate termination of the litigation"); *In re Enron*, 2006 U.S. Dist. 63223, at *19 ("an immediate appeal is considered to advance the ultimate termination of the time for trial or shorten the time required for trial").

In addition, the Decision is the first in what now threatens to be hundreds of similar actions facing this Court.  All of the actions and potential actions arising from the Thelen and Dewey bankruptcies would be greatly advanced by appellate review of the Decision.

## CONCLUSION

For all these reasons, these actions present precisely the extraordinary circumstances for which immediate appellate review was intended, and the Section 1292(b) criteria are satisfied.  The Law Firms respectfully request certification of the Decision for interlocutory appeal.

Dated:  New York, New York
          June 6, 2012

>                Respectfully submitted,
> 
>                MILLER & WRUBEL P.C.
> 
>                By:  /s/ Claire L. Huene
>                     Joel M. Miller
>                     Claire L. Huene
>                     570 Lexington Avenue
>                     New York, New York 10022
>                     Tel:  (212) 336-3500
>                     Fax:  (212) 336-3555
> 
>                *Attorneys for Defendant*
>                *Dechert LLP*

MORRISON & FOERSTER LLP

By: /s/ Brett H. Miller
    Brett H. Miller
    Erica J. Richards
    1290 Avenue of the Americas
    New York, New York 10104
    Tel: (212) 468-8000
    Fax: (212) 468-7900

*Attorneys for Defendant Morrison & Foerster LLP*


K&L GATES LLP

By: /s/ Jeffrey N. Rich
    Jeffrey N. Rich
    599 Lexington Avenue
    New York, New York 10022
    Tel: (212) 536-4097
    Fax: (212) 536-3091

*Attorneys for Defendant K&L Gates LLP*


QUINN EMANUEL URQUHART &
SULLIVAN LLP

By: /s/ Susheel Kirpalani
    Eric J. Emanuel
    Susheel Kirpalani
    Eric M. Kay
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Tel: (212) 849-7000
    Fax: (212) 849-7100

*Attorneys for Defendant*
*Akin Gump Strauss Hauer &Feld LLP*

        DUANE MORRIS LLP
        A Delaware Limited Liability Partnership

        By: /s/ Lawrence J. Kotler
            Lawrence J. Kotler
            1540 Broadway
            New York, NY 10036-4086
            Tel: (212) 692-1000
            Fax: (212) 692-1020

            Lewis R. Olshin, Esquire
            Lauren Lonergan Taylor, Esquire
            30 South 17th Street
            Philadelphia, PA 19103
            Tel: (215) 979-1000
            Fax: (215) 979-1020

        *Attorneys for Defendant Duane Morris LLP*


        DORSEY & WHITNEY LLP

        By: /s/ Jessica D. Mikhailevich
            Jessica D. Mikhailevich
            250 Park Avenue
            New York, NY 10177
            Tel: (212) 415-9200
            Fax: (212) 953-7201

        *Attorneys for Defendant Dorsey & Whitney LLP*


        ARENT FOX LLP

        By: /s/ Allen G. Reiter
            Allen G. Reiter
            1675 Broadway
            New York, New York 10019
            Tel: (212) 484-3900

        *Attorneys for Defendant Arent Fox LLP*

KRAMON & GRAHAM, P.A.

By: /s/  James P. Ulwick
    James P. Ulwick (*admitted pro hac vice*)
    Jean E. Lewis (*admitted pro hac vice*)
    One South Street, Suite 2600
    Baltimore, Maryland 21202
    Tel: (410) 752-6030

    - and -

MEISTER SEELIG & FEIN LLP

    Jeffrey Schreiber
    Howard Davis
    140 East 45th Street, 19th Floor
    New York, New York 10017
    Tel: (212) 655-2500
    Fax: (212) 655-3535

*Attorneys for Defendant*
*DLA Piper (US) LLP*


SHEPPARD MULLIN RICHTER
  & HAMPTON LLP

By: /s/  Daniel L. Brown
    Malani J. Cademartori
    Daniel L. Brown
    30 Rockefeller Plaza
    New York, New York 10112
    Tel: (212) 653-8700
    Fax: (212) 653-8701

    D. Ronald Ryland, Cal. Bar No. 49749
      (*admitted pro hac vice*)
    Four Embarcadero Center, 17th Floor
    San Francisco, CA 94111
    Tel: (415) 434-9100
    Fax: (415) 434-3947

*Attorneys for Defendant*
*Sheppard Mullin Richter & Hampton LLP*

JONES DAY

By: /s/ Geoffrey S. Stewart
    222 East 41st Street
    New York, New York 10017
    Tel: (212) 326-3939
    Fax: (212) 755-7306

    Geoffrey S. Stewart
    51 Louisiana Avenue, N.W.
    Washington, D.C. 20001
    Tel: (202) 879-3939
    Fax: (202) 626-1700

*Attorneys for Defendants Jones Day and Scott Jones*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 6th day of June 2012, I caused the forgoing memorandum of law to be served by ECF on counsel for plaintiff Development Specialists, Inc.

Dated: New York, New York
    June 6, 2012

                   /s/ Claire L. Huene
                   Claire L. Huene